IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GUTHRIE,                    )
                                 )
              Plaintiff,         )
                                 )
      v.                         )
                                 )  Civil Action No. 12-260
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
              Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ___18th___ day of February, 2013, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying his
application for disability insurance benefits ("DIB") under Title
II of the Social Security Act, IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 11) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those
findings, even if it would have decided the factual inquiry

AO 72
(Rev. 8/82)

differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on October 27, 2008, alleging disability beginning on March 11, 2008, due to lower back pain, fatigue, sleep disorder, acid reflux, hypertension, anxiety and depression. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 20, 2010. On June 24, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on January 6, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 41 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a warehouse worker and coal miner, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

AO 72
(Rev. 8/82)

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease/degenerative arthritis of the lumbar/lumbosacral spine, lumbosacral strain/sprain, bilateral carpal tunnel syndrome and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with certain additional limitations. Plaintiff requires a sit/stand option, he should do all walking on level and even surfaces, and he can perform postural movements occasionally, but he cannot kneel, crawl or climb ladders, ropes or scaffolds. In addition, plaintiff must avoid exposure to temperature extremes, wet or humid conditions, environmental pollutants and hazards. Further, plaintiff must work in a low stress environment that does not involve production line type of pace or independent decision making responsibilities (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a

AO 72
(Rev. 8/82)

photographic machine operator, folding machine operator, assembler of printed products, laminator, ink printer or patcher. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and

AO 72
(Rev. 8/82)

residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because he failed to consider and evaluate two medical reports and opinions from Dr. William Mitchell, who was plaintiff's treating orthopaedic physician. The court finds that this argument lacks merit.

In November 2008, Dr. Mitchell completed a form report entitled "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities," on which he rated plaintiff as being unable to perform the sitting, standing and walking demands of light work. (R. 290). Plaintiff acknowledged in his brief that the ALJ considered and rejected Dr. Mitchell's assessment of his physical functional capabilities.

Plaintiff complains that the ALJ failed to mention, let alone consider or weigh, two subsequent reports from Dr. Mitchell, one dated July 7, 2009, and the other dated May 13, 2010, in which the doctor concluded that plaintiff "is not a candidate for regular work activity on a continuing basis." (R. 371, 421). Plaintiff is incorrect.

At pages 10 and 11 of the ALJ's decision, he specifically

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

AO 72
(Rev. 8/82)

referenced and summarized both Dr. Mitchell's July 2009 report and the May 2010 report, and noted Dr. Mitchell's opinion that plaintiff is unable to work. (R. 21-22). At page 12 of the decision, the ALJ stated that he rejected Dr. Mitchell's assessment of plaintiff's functional capacity, as well as his opinion that plaintiff is unable to work:

> . . . the undersigned rejects the opinions of Dr. Mitchell contained in the assessment form submitted in November 2008 to the extent they conflict with [the RFC Finding]. These contrary opinions and the opinions of Dr. Mitchell on the ultimate issue reserved to the Commissioner are rejected as they are found to be based primarily on the claimant's subjective complaints and are not supported by the objective findings. (R. 23).

Although the ALJ did not reference Dr. Mitchell's July 2009 and May 2010 reports by their dates in the above statement, the ALJ stated that he rejected Dr. Mitchell's opinion on the "ultimate issue reserved to the Commissioner," which is whether plaintiff is capable of performing work that exists in the national economy.

As the foregoing demonstrates, plaintiff is incorrect that the ALJ did not mention, let alone consider or weigh, Dr. Mitchell's July 2009 and May 2010 reports. To the contrary, the ALJ discussed both reports in detail, stated that he rejected Dr. Mitchell's opinion that plaintiff is unable to work and explained his reasons for doing so. The ALJ's consideration and assessment of Dr. Mitchell's reports and opinions was appropriate and in

%AO 72
(Rev. 8/82)

accordance with the regulations.[2]

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge

cc:    Robert W. Gillikin, Esq.
       Rutter Mills, LLP
       160 W. Brambleton Ave.
       Norfolk, VA 23510

       Michael Colville
       Assistant U.S. Attorney
       700 Grant Street
       Suite 4000
       Pittsburgh, PA 15219

---

[2]According to the regulations, the ALJ will give an opinion the weight he deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(1)-(4). As the ALJ explained, he rejected Dr. Mitchell's opinion because it was based on plaintiff's subjective complaints, which the ALJ found to be lacking credibility, and because the doctor's opinion was not supported by other objective evidence of record. (R. 18, 23). In that regard, the ALJ summarized in detail the opinions of five other specialists who examined plaintiff, none of whom concluded that he was as limited as Dr. Mitchell found or that he was unable to work. (R. 18-20).

AO 72
(Rev. 8/82)